**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 26-1219 & 26-1220 (consolidated)
_____

KASON JAMISON,
                                        Appellant

v.

CHRISLYN MORGAN; MICHELLE PERRY-THOMPSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-16298)
District Judge: Honorable Edward S. Kiel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2026
Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Kason Jamison appeals the District Court's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B) and its denial of his motion to extend the time to file a notice of appeal. We will affirm the District Court's judgments.

I.

Jamison initiated a federal civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey against New Jersey Superior Court Judge Michelle Perry-Thompson, in her individual and official capacities, and his child's mother. Jamison alleged that the defendants and other government actors violated his constitutional rights during child support and custody proceedings in New Jersey state court.[1] Jamison sought damages, as well as declaratory and injunctive relief.

The District Court granted Jamison leave to proceed in forma pauperis for the purpose of screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court emphasized that Jamison had previously sought to challenge his child support obligations in three other District Court matters. It explained that, to the extent Jamison challenged ongoing state proceedings, *Younger* abstention was appropriate, and that it lacked subject matter jurisdiction to review already-entered state court orders pursuant to the *Rooker-Feldman* doctrine. The District Court dismissed the complaint and determined that an amendment would be futile.

---

[1] Jamison's complaint also purported to raise state law claims. But he did not sufficiently raise any argument regarding the dismissal of those claims in his appellate brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that claims not developed in the opening brief are forfeited).

2

Jamison filed a petition for a writ of mandamus, which we construed as a timely notice of appeal. Jamison also moved in the District Court for an extension of time to file a notice of appeal. The District Court denied Jamison's motion for an extension of time, and Jamison appealed that decision. We subsequently consolidated the two appeals.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal order de novo. *See In re Adams*, 151 F.4th 144, 150 (3d Cir. 2025) (*Rooker-Feldman*); *Borowski v. Kean Univ.*, 68 F.4th 844, 846 (3d Cir. 2023) (*Younger*). We may affirm the judgment on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Jamison primarily argues that the District Court erred by dismissing his entire case pursuant to the *Rooker-Feldman* and *Younger* abstention doctrines. Although much of Jamison's complaint amounts to challenges to the validity of state court decisions, Jamison now claims that he does not seek review or reversal of any state court decision, but rather he seeks to remedy the constitutional violations that have occurred during the state proceedings. Particularly, he wants to proceed further in the District Court on his allegations that state actors "repeatedly refused to enforce a valid state court order granting him the right to obtain a passport." But Jamison's complaint cannot survive

---

[2] Jamison's appellate brief does not challenge the District Court's denial of his motion for an extension of time to appeal. *See Wettach*, 811 F.3d at 115. In any event, an extension of time was unnecessary because we treated Jamison's mandamus petition as a timely notice of appeal.

3

dismissal because, even assuming his claim about the passport is the sort of "independent" claim not barred by *Rooker-Feldman*, *see Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167–69 (3d Cir. 2010), the complaint is plainly defective on the merits.[3]

First, Jamison could not bring any claims under 42 U.S.C. § 1983 against his child's mother, who is a private actor. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169–71 (3d Cir. 2004). Jamison offered no facts, either in his complaint or in his appellate brief, plausibly suggesting that his child's mother acted under color of state law. *Lindke v. Freed*, 601 U.S. 187, 195–96 (2024).

Second, Jamison was not entitled to any relief against Judge Perry-Thompson in her individual capacity. Jamison's constitutional claims against Judge Perry-Thompson stem from her conduct during a hearing on Jamison's child support challenges. According to Jamison, Judge Perry-Thompson denied his request to attend the hearing remotely, declined to adjudicate several issues he raised, including those pertaining to his passport, attacked his credibility, and mischaracterized his filings. Judicial immunity barred Jamison's claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). Jamison offered no factual allegations that could show that Judge

---

[3] "[W]e may assume hypothetical statutory jurisdiction in order to resolve this appeal on the merits because the *Rooker-Feldman* doctrine does not implicate Article III jurisdiction." *Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020); *see also Jordon v. Att'y Gen.*, 424 F.3d 320, 325 n.8 (3d Cir. 2005) (explaining that the U.S. Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–94 (1998), requires us to answer only Article III jurisdiction questions before reaching other questions).

Perry-Thompson engaged in nonjudicial acts or acted "in the complete absence of all jurisdiction." *Id.* Jamison's requests for injunctive and declaratory relief were also unavailing. *See Allen v. DeBello*, 861 F.3d 433, 439–42 (3d Cir. 2017) (explaining the impropriety of declaratory or injunctive relief in a § 1983 suit against a judge where the judge acts in an adjudicatory capacity).

Third, under the doctrine of sovereign immunity, the District Court lacked subject matter jurisdiction over Jamison's damage claims against Judge Perry-Thompson in her official capacity. *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238–39 (3d Cir. 2005); *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). Sovereign immunity also barred Jamison's requests for declarations that Judge Perry-Thompson acted unlawfully because Jamison did not seek relief that could "be properly characterized as prospective." *See Merritts v. Richards*, 62 F.4th 764, 771 (3d Cir. 2023); *see also Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) (citation omitted) (explaining that the *Ex parte Young* exception to sovereign immunity "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past"). To the extent that Jamison sought an injunction to cure past injuries based on Judge Perry-Thompson's decisions, sovereign immunity barred Jamison's claims, *see Merritts*, 62 F.4th at 772, and to the extent that Jamison sought to enjoin future child support enforcement and custody proceedings, the Anti-Injunction Act barred Jamison's claims, *see In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 261 F.3d 355, 364 (3d Cir. 2001). Thus, the District Court's dismissal of Jamison's complaint was appropriate.

5

But because a dismissal based on sovereign immunity should be without prejudice, we modify the District Court's judgment to reflect that the constitutional claims for damages and retrospective declaratory and injunctive relief against Judge Perry-Thompson in her official capacity are dismissed without prejudice. *See Merritts*, 62 F.4th at 772.

III.

Accordingly, we will affirm the District Court's judgments as modified.